UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY BENNETT, ) | |
| ) | |
| Petitioner, ) | No. 3:14-cv-01827 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| WAYNE CARPENTER, Warden, ) | |
| and ) | |
| ROBERT COOPER, ) | |
| Tennessee Attorney General, ) | |
| ) | |
| Respondent. ) | |

## **M E M O R A N D U M**

Corey Alan Bennett (TDOC #509793) has filed a *pro se, in forma pauperis* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Docket No. 1). The petitioner is an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee. The petitioner is serving a term of imprisonment of 53 days imposed by the Knox County Fourth Circuit Court on March 24, 2011, for contempt of court. (*Id.* at p.1). The petitioner alleges that his term of imprisonment has expired and that the respondents refuse to release him due to a detainer lodged against the petitioner by his sentencing court. (*Id.* at p. 5). The petitioner requests that this court order removal of the detainer. (*Id.* at pp, 1, 5, 12).

On September 18, 2014, the court directed the respondents to respond to the petition and to specifically address whether the petition is timely and whether the petitioner has exhausted his administrative remedies. (Docket No. 5). On September 19, 2014, respondent Wayne Carpenter filed a motion to dismiss in which he asks the court to dismiss the instant writ of *habeas corpus* filed in this matter as duplicative of an earlier filed, and still pending, *habeas* petition challenging the

1

same conviction and raising the same claim as in the petition before this court. (Docket No. 6).

The respondent brings to the court's attention that the petitioner has previously filed four other petitions in all three federal districts of Tennessee seeking the same relief (removal of a detainer) based on the same claim (expiration of his 53-day sentence) arising out of the same state court conviction (contempt of court or "failure to obey court orders"). The only differences among the various petitions are that Bennett named a different warden, Wayne Carpenter, as the respondent in the two most recently filed petitions and erroneously listed a 2012 date for his contempt conviction in the second of the five petitions. *See Bennett v. Michael Donahue*, filed 3/26/2014, No. 3:14-cv-00158 (E.D. Tenn.)(Varlan, J.)(respondent's motion to dismiss for failure to exhaust state remedies pending); *Bennett v. Michael Donahue*, filed 4/30/2014, No. 3:14-cv-00175 (E.D. Tenn.)(Reeves, J.)(respondent's motion to consolidate with Case No. 3:14-cv-00158 pending); *Bennett v. Michael Donahue*, filed 5/13/2014, No. 1:14-cv-01110 (W.D. Tenn.)(Breen, J.)(respondent's motion to dismiss without prejudice to petitioner's pursuit of a duplicate petition pending); *Bennett v. Wayne Carpenter*, No. 3:14-cv-1712 (M.D. Tenn. Sept. 30, 2014)(Haynes, J.)(case dismissed without prejudice for lack of jurisdiction). The differences in the parties' names is not significant.

The Supreme Court has recognized that "duplicative litigation in the federal court system is to be avoided." *Powell v. Warden*, 2011 WL 2848331, at *1 (S.D. Ohio June 22, 2011)(citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). This principle is based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817. The Southern District of Ohio addressed duplicative federal *habeas* petitions in *Powell v. Warden*,

2011 WL 2848331, ultimately dismissing the petitioner's petition without prejudice to the petitioner's prosecution of a duplicative petition currently pending in the same court under a separate case number. *Id.* (citing *Davis v. United States Parole Comm'n*, 1989 WL 25837 (6th Cir. Mar. 7, 1989)(finding that the dismissal of a later-filed *habeas* petition as duplicative of a pending petition "was proper" where petitioner did "not dispute the district court's finding that the . . . petition [was] 'essentially the same' as the earlier petition"); *Cummings v. Rapelje*, 2011 WL 346480, at *1 (E.D. Mich. Feb. 3, 2011)(holding that a *habeas* petition was subject to dismissal as duplicative of the petitioner's "still pending first habeas petition, because both cases seek the same relief"); *Ware v. Wolfenbarger*, 2007 WL 908004, at **1-2 (E.D. Mich. Mar. 23, 2007)(dismissing as duplicative a later-filed *habeas* petition, which "challenge[d] the same conviction and raise[d] the same claims and ma[de] the same arguments as the petition in the case pending before" another district judge)).

Because the instant petition is duplicative of other petitions by Bennett in federal district courts in Tennessee, under the authority cited above, the court will grant the respondent's motion (Docket No. 6) and dismiss the petition (Docket No. 1) without prejudice to Bennett's pursuit of a duplicative petition for writ of *habeas corpus* filed on March 26, 2014, in the Eastern District of Tennessee.

The petitioner's motion for appointment of counsel (Docket No. 4) will be denied as moot.

An appropriate order will be entered.

　　　　　　　　　　　　　　　　　　　　／s／ Aleta A. Trauger
　　　　　　　　　　　　　　　　　　　　Aleta A. Trauger
　　　　　　　　　　　　　　　　　　　　United States District Judge